■ United States Fidelity & Guaranty Company et al., Respondents, v Excess Casualty Reinsurance Association et al., Appellants, et al., Defendants. [888 NYS2d 887]—

Our prior decision in *American Re-Insurance Co. v United*

*States Fid. & Guar. Co.* (40 AD3d 486, 492-493 [2007]) held that cedant's waiver of the attorney-client privilege was limited to communications between its officer, James Kleinberg, and Robert Omrod, the in-house lawyer whose advice Kleinberg disclosed at his examination before trial, regarding preparation of cedant's reinsurance bill. Our citation to *Kirschner v Klemons* (2001 WL 1346008, 2001 US Dist LEXIS 17863 [SD NY 2001]) ought to have made it clear that, based on cedant's representation that it did not intend to use "advice of counsel" as a defense, our finding of waiver did not extend to cedant's communications with any other attorneys concerning this subject matter. In view of cedant's concession, however, that it will not raise the "advice of counsel" defense and make any reference to attorney-client communications by cedant at the trial, we agree that the court should not permit cedant to raise this defense to reinsurers' claims, or refer to any such communications. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.